IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| GUARDIAN MEDIA TECHNOLOGIES, LTD., <br><br> Plaintiff, <br><br> v. <br><br> (1)  AMAZON.COM, INC., <br> (2)  BEST BUY CO., INC., <br> (3)  COSTCO WHOLESALE CORP., <br> (4)  OVERSTOCK.COM, INC., <br> (5)  RADIOSHACK CORP., <br> (6)  SEARS, ROEBUCK, AND CO., <br> (7)  TARGET CORP., AND <br> (8)  WAL-MART STORES, INC., <br><br> Defendants. | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff GUARDIAN MEDIA TECHNOLOGIES, LTD. files this Complaint against the above-named Defendants, alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

### PARTIES

1. Guardian Media Technologies, Ltd. ("Guardian") is a Texas limited partnership. Guardian has its principal place of business in Longview, TX.

2. Upon information and belief, Defendant Amazon.com, Inc. ("Amazon") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 410 Terry Ave N Seattle, WA. Amazon can be served via its registered agent for service of process: Corporation Service Company 2711 Centerville Road, Ste. 400, Wilmington, DE 19808.

1

3. Upon information and belief, Defendant Best Buy Co., Inc. ("Best Buy") is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 1000 W. 78th St., Richfield, MN. Best Buy can be served via its registered agent for service of process: CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX, 75201.

4. Upon information and belief, Defendant Costco Wholesale Corp. ("Costco") is a corporation organized and existing under the laws of the State of Washington with its principal place of business located at 999 Lake Drive, Issaquah, WA. Costco can be served via its registered agent for service of process: CT Corp. System; 350 N. St. Paul St., Ste. 2900, Dallas, TX, 75201.

5. Upon information and belief, Defendant Overstock.com, Inc. ("Overstock") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 6350 South 3000 East, Salt Lake City, UT. Overstock can be served via its registered agent for service of process: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

6. Upon information and belief, Defendant RadioShack Corp. ("RadioShack") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 300 RadioShack Circle, Fort Worth, TX. RadioShack can be served via its registered agent for service of process: Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 E. 7th Street, Ste. 620, Austin, TX, 78701.

7. Upon information and belief, Defendant Sears, Roebuck, and Co. ("Sears") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 3333 Beverly Road, Hoffman Estates, IL. Sears can be served via its registered agent for service of process: CT Corporation. System, 350 N. St. Paul St., Ste. 2900, Dallas, TX, 75201.

8.     Upon information and belief, Defendant Target Corp. ("Target") is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 1000 Nicollet Mall, Minneapolis, MN.  Target can be served via its registered agent for service of process:  CT Corp. System, 350 N. St. Paul St., Ste. 2900, Dallas, TX, 75201.

9.     Upon information and belief, Defendant Wal-mart Stores, Inc. ("Walmart") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 702 SW 8th Street, Bentonville, AR.  Walmart can be served via its registered agent for service of process:  CT Corp. System, 350 N. St. Paul St., Ste. 2900, Dallas, TX, 75201.

### JURISDICTION AND VENUE

10.     This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).

11.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

12.     Upon information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to each Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

### COUNT I
### INFRINGEMENT OF U.S. PATENT NO. 4,930,158

13. On May 29, 1990, United States Patent No. 4,930,158 ("the '158 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Selective Video Playing System." A true and correct copy of the '158 patent is attached hereto as Exhibit A.

14. On November 4, 2008, the United States Patent and Trademark Office issued a Reexamination Certificate for the '158 patent, which confirmed the patentability of Claims 8-11 and 19-22 of the '158 patent. A true and correct copy of this Reexamination Certificate is attached hereto as Exhibit B.

15. Guardian is the owner of the '158 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '158 patent against infringers, and to collect damages for all relevant times. The '158 patent is expired.

16. As it pertains to this lawsuit, the '158 patent generally relates to parental control features contained in DVD players and televisions offered for sale by Defendants that allow owners of the players to restrict the types of video viewed by others.

17. Upon information and belief, prior to the expiration of the '158 patent, Amazon directly or through intermediaries, made, had made, installed, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least DVD players) that infringed or, when used, infringed one or more claims of the '158 patent. In addition, Amazon induced infringement and/or contributed to the infringement of one or more of the claims of the '158 patent by its customers. Amazon's infringements were willful and with full knowledge of the '158 patent and/or with reckless indifference to its existence.

18. Upon information and belief, prior to the expiration of the '158 patent, Best Buy directly or through intermediaries, made, had made, installed, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least DVD players) that infringed or, when used, infringed one or more

4

claims of the '158 patent. In addition, Best Buy induced infringement and/or contributed to the infringement of one or more of the claims of the '158 patent by its customers. Best Buy's infringements were willful and with full knowledge of the '158 patent and/or with reckless indifference to its existence.

19. Upon information and belief, prior to the expiration of the '158 patent, Costco directly or through intermediaries, made, had made, installed, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least DVD players) that infringed or, when used, infringed one or more claims of the '158 patent. In addition, Costco induced infringement and/or contributed to the infringement of one or more of the claims of the '158 patent by its customers. Costco's infringements were willful and with full knowledge of the '158 patent and/or with reckless indifference to its existence.

20. Upon information and belief, prior to the expiration of the '158 patent, Target directly or through intermediaries, made, had made, installed, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least DVD players) that infringed or, when used, infringed one or more claims of the '158 patent. In addition, Target induced infringement and/or contributed to the infringement of one or more of the claims of the '158 patent by its customers. Target's infringements were willful and with full knowledge of the '158 patent and/or with reckless indifference to its existence.

21. Guardian has been damaged as a result of the infringing conduct by Defendants alleged above and, thus, such Defendants are liable to Guardian in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 4,930,160

22. On May 29, 1990, United States Patent No. 4,930,160 ("the '160 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Automatic Censorship of Video Programs." A true and correct copy of the '160 patent is attached hereto as Exhibit C.

23. On April 7, 2009, the United States Patent and Trademark Office issued a Reexamination Certificate for the '160 patent, which confirmed the patentability of Claims 3, 6, 7, 16, 19, and 20 of the '160 Patent. A true and correct copy of this Reexamination Certificate is attached hereto as Exhibit D.

24. Guardian is the owner of the '160 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '160 patent against infringers, and to collect damages for all relevant times. The '160 patent is expired.

25. As it pertains to this lawsuit, the '160 patent generally relates to parental control features contained in DVD players and televisions offered for sale by Defendants that allow owners of such devices to restrict viewing of certain movies and other video content based on the particular program's rating. *See* 47 C.F.R. 15.120.

26. Upon information and belief, prior to the expiration of the '160 patent, Amazon directly or through intermediaries, made, had made, installed, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least DVD players) that infringed or, when used, infringed one or more claims of the '160 patent. In addition, Amazon induced infringement and/or contributed to the infringement of one or more of the claims of the '160 patent by its customers. Amazon's infringements were willful and with full knowledge of the '160 patent and/or with reckless indifference to its existence.

27. Upon information and belief, prior to the expiration of the '160 patent, Best Buy directly or through intermediaries, made, had made, installed, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least DVD players and/or televisions) that infringed or, when used, infringed one or more claims of the '160 patent. In addition, Best Buy induced infringement and/or contributed to the infringement of one or more of the claims of the '160 patent by its customers. Best Buy's infringements were willful and with full knowledge of the '160 patent and/or with reckless indifference to its existence.

28. Upon information and belief, prior to the expiration of the '160 patent, Costco directly or through intermediaries, made, had made, installed, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least DVD players and/or televisions) that infringed or, when used, infringed one or more claims of the '160 patent. In addition, Costco induced infringement and/or contributed to the infringement of one or more of the claims of the '160 patent by its customers. Costco's infringements were willful and with full knowledge of the '160 patent and/or with reckless indifference to its existence.

29. Upon information and belief, prior to the expiration of the '160 patent, Overstock directly or through intermediaries, made, had made, installed, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least DVD players and/or televisions) that infringed or, when used, infringed one or more claims of the '160 patent. In addition, Overstock induced infringement and/or contributed to the infringement of one or more of the claims of the '160 patent by its customers. Overstock's infringements were willful and with full knowledge of the '160 patent and/or with reckless indifference to its existence.

30. Upon information and belief, prior to the expiration of the '160 patent, RadioShack directly or through intermediaries, made, had made, installed, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems

(including at least DVD players) that infringed or, when used, infringed one or more claims of the '160 patent. In addition, RadioShack induced infringement and/or contributed to the infringement of one or more of the claims of the '160 patent by its customers. RadioShack's infringements were willful and with full knowledge of the '160 patent and/or with reckless indifference to its existence.

31.     Upon information and belief, prior to the expiration of the '160 patent, Sears directly or through intermediaries, made, had made, installed, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least DVD players and/or televisions) that infringed or, when used, infringed one or more claims of the '160 patent. In addition, Sears induced infringement and/or contributed to the infringement of one or more of the claims of the '160 patent by its customers. Sears' infringements were willful and with full knowledge of the '160 patent and/or with reckless indifference to its existence.

32.     Upon information and belief, prior to the expiration of the '160 patent, Target directly or through intermediaries, made, had made, installed, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least DVD players and/or televisions) that infringed or, when used, infringed one or more claims of the '160 patent. In addition, Target induced infringement and/or contributed to the infringement of one or more of the claims of the '160 patent by its customers. Target's infringements were willful and with full knowledge of the '160 patent and/or with reckless indifference to its existence.

33.     Upon information and belief, prior to the expiration of the '160 patent, Walmart directly or through intermediaries, made, had made, installed, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least DVD players and/or televisions) that infringed or, when used, infringed one or more claims of the '160 patent. In addition, Walmart induced infringement and/or contributed to the infringement of one or more of the claims of the '160 patent by its

customers. Walmart's infringements were willful and with full knowledge of the '160 patent and/or with reckless indifference to its existence.

34. Guardian has been damaged as a result of the infringing conduct by Defendants alleged above and, thus, such Defendants are liable to Guardian in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JOINDER

35. On December 22, 2008, Guardian sued the eight retailers currently named as Defendants in this suit.

36. On July 14, 2009, the Defendants and Guardian entered into a Tolling Agreement that postponed the resolution of Guardians' claims against the Defendants.

37. The Tolling Agreement provides that the relevant period for damages in a subsequent suit would be calculated based on the original suit's filing date (i.e., December 22, 2008).

38. Defendants are properly joined under 35 U.S.C. § 299(a)(1) because a right to relief is asserted against the parties jointly, severally, and in the alternative with respect to the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and/or selling the same accused products.

39. Defendants are properly joined under 35 U.S.C. § 299(a)(2). Questions of fact will arise that are common to all defendants, including for example, the effect of the tolling agreement entered into by all eight defendants on the claims and defenses available to the parties.

## JURY DEMAND

Guardian hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of

9

Civil Procedure of any issues so triable by right.

## **PRAYER FOR RELIEF**

Guardian requests that the Court find in its favor and against Defendants, and that the Court grant Guardian the following relief:

a. Judgment that one or more claims of United States Patent No. 4,930,158 and/or 4,930,160 have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b. Judgment that Defendants account for and pay to Guardian all damages to and costs incurred by Guardian because of Defendants' infringing activities and other conduct complained of herein;

c. That Defendants' infringements be found to be willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

d. That Guardian be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award Guardian its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f. That Guardian be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: August 22, 2013                                    Respectfully submitted,

   /s/ Elizabeth L. DeRieux
Larry D. Thompson, Jr. (lead attorney)

Texas Bar No. 24051428
larry@ahtlawfirm.com
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000

S. Calvin Capshaw
State Bar No. 03873900
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
CAPSHAW DeRIEUX, LLP
114 E. Commerce St.
Gladewater, TX  75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail: ccapshaw@capshawlaw.com
E-mail:  ederieux@capshawlaw.com
E-mail:  jrambin@capshawlaw.com

Attorneys for
GUARDIAN MEDIA TECHNOLOGIES,
LTD.