UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-8369 PSG (PLAx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | *Guardian Media Technologies, Ltd. v. Amazon.com, Inc., et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:       (In Chambers): Order to Show Cause Re: Improper Joinder**

Plaintiff Guardian Media Technologies, Ltd. ("Plaintiff") brings this action against Defendants Amazon.com, Inc.; Best Buy Co., Inc.; Costco Wholesale Corp.; Overstock.com, Inc.; Radioshack Corp.; Sears, Roebuck, and Co.; Target Corp.; and Wal-Mart Stores, Inc. *See* Dkt. # 1. Defendants are alleged to have "made, had made, installed, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems . . . that infringed, or when used, infringed one more claims of" Plaintiff's '158 or '160 patent relating to parental control features contained in DVD players and televisions. *Compl.* ¶¶ 16-20, 25-33.

Federal Rule of Civil Procedure 20(a) provides the circumstances under which Defendants may be joined, stating:

> "Persons . . . may be joined in one action as defendants if:

> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> > (B) any question of law or fact common to all defendants will arise in the action."

Fed. R. Civ. P. 20(a)(2). Although Plaintiff conclusorily alleges that Defendants' conduct was part of the same transaction or occurrence, there is no indication that Defendants acted in concert, or that Defendants' conduct was connected in any way. *See id.* ¶¶ 35-39; *see also Tataryan v. Chase Bank*, No. CV 12-08788 DDP (FMOx), 2013 WL 424778, at *4 (C.D. Cal. Feb. 1, 2013); *Digitech Image Technologies, LLC v. Agfaphoto Holding GmbH*, No.8:12 CV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-8369 PSG (PLAx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | *Guardian Media Technologies, Ltd. v. Amazon.com, Inc., et al.* | | |

1153 ODW (MRWx), 2012 WL 4513805, at *1 (C.D. Cal. 2012).

   If the Court determines that parties are misjoined, the Court may, at any time, add or drop a party, or sever any claim against a party.  Fed. R. Civ. P. 21.  Where defendants have been misjoined, the Court may generally dismiss without prejudice all but the first named defendant.  *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) ("If the test for permissive joinder is not satisfied . . . the court can generally dismiss all but the first named plaintiff without prejudice."); *Townsend v. Nat'l Arbitration Forum*, No. CV 09-9325-VBK (RNBx), 2012 WL 12736, at *11 (C.D. Cal. Jan. 4, 2012) (citing to *Coughlin* for the proposition that the court may dismiss without prejudice all but the first named defendant if the test for permissive joinder of defendants is not satisfied).  Accordingly, the Court orders Plaintiff to show cause in writing no later than **January 10, 2014** why the Court should not dismiss without prejudice all but the first named Defendant, Amazon.com, Inc., on the grounds of improper joinder of parties.  Failure to respond by the above date will result in the Court **dismissing** this action.

   **IT IS SO ORDERED.**