Larry D. Thompson, Jr.
Matthew Antonelli
Antonelli, Harrington & Thompson LLP
4306 Yoakum Blvd., Suite 450
Houston, Texas 77006
(713) 581-3006/FAX (713) 581-3020
larry@ahtlawfirm.com

Daniel S. Agle, Bar No. 251090
Frank C. Olah, Bar No. 247843
KLINEDINST PC
777 S. Figueroa St., Suite 2800
Los Angeles, California 90017
(213) 406-1100/FAX (213) 406-1101
dagle@klinedinstlaw.com

Attorneys for Plaintiff
GUARDIAN MEDIA TECHNOLOGIES, LTD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARDIAN MEDIA TECHNOLOGIES, LTD,<br><br>     Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., et al.,<br><br>     Defendants. | Case No.   2:13-CV-08369 PSG (PLAx)<br><br>**THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST AMAZON.COM**<br><br>Courtroom:        880<br>Judge:             Philip S. Gutierrez<br>Magistrate Judge: Paul L. Abrams<br>Complaint Filed: August 22, 2013<br>Trial Date:        None set |

Plaintiff GUARDIAN MEDIA TECHNOLOGIES, LTD. files this Amended Complaint against the above-named Defendant, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## PARTIES

1.  Guardian Media Technologies, Ltd. ("Guardian") is a Texas limited partnership.  Guardian has its principal place of business in Longview, TX.

///


KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

2. Upon information and belief, Defendant Amazon.com, Inc. ("Amazon") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 410 Terry Ave N Seattle, WA.

## JURISDICTION AND VENUE

3. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

5. Upon information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 4,930,158

6. On May 29, 1990, United States Patent No. 4,930,158 ("the '158 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Selective Video Playing System." A true and correct copy of the '158 patent is attached hereto as Exhibit A.

7. On November 4, 2008, the United States Patent and Trademark Office issued a Reexamination Certificate for the '158 patent, which confirmed the

///

patentability of Claims 8-11 and 19-22 of the '158 patent. A true and correct copy of this Reexamination Certificate is attached hereto as Exhibit B.

8. Guardian is the owner of the '158 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '158 patent against infringers, and to collect damages for all relevant times. The '158 patent is expired.

9. As it pertains to this lawsuit, the '158 patent generally relates to parental control features contained in DVD players and televisions offered for sale by Defendant that allow owners of the players to restrict the types of video viewed by others.

10. Upon information and belief, prior to the expiration of the '158 patent, Defendant directly or through intermediaries made, had made, installed, used, imported, provided, supplied, distributed, sold, and/or offered for sale televisions, DVD players, and/or other products that infringed or, when used, infringed one or more claims of the '158 patent.

11. The aforementioned accused products were made by or for one or more of the following companies, or were sold under one or more of the following brands, as applicable: Accurian; Akai; Apex Digital; Averatec; Axess; Axion; Curtis; Cyberhome; Dual; Durabrand; Dynex; Envision; GPX/Digital Products International; Hannspree; Insignia; Konka Group Co., Ltd.; Loewe; Mintek; Naxa; Sceptre; Soyo; Sungale; Supersonic; Sylvania; The Rotel Co., Ltd.; Trutech; Venturer; Zenith; Ziamen Overseas Chinese Electronic Company ("Xoceco"); or by any other manufacturer of, or under any other brand associated with, the models identified in Guardian's infringement contentions.

12. Guardian has been damaged as a result of the infringing conduct by Defendant alleged above and, thus, Defendant is liable to Guardian in an amount that adequately compensates it for its infringements, which, by law, cannot be less
///

1  than a reasonable royalty, together with interest and costs as fixed by this Court
2  under 35 U.S.C. § 284.

3   13.   Guardian and/or its predecessors-in-interest have satisfied all
4  obligations set forth in 35 U.S.C. § 287 required to collect damages for the full
5  period allowed by law according to 35 U.S.C. § 286.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 4,930,160

8   14.   On May 29, 1990, United States Patent No. 4,930,160 ("the '160
9  patent") was duly and legally issued by the United States Patent and Trademark
10 Office for an invention entitled "Automatic Censorship of Video Programs."  A
11 true and correct copy of the '160 patent is attached hereto as Exhibit C.

12  15.   On April 7, 2009, the United States Patent and Trademark Office
13 issued a Reexamination Certificate for the '160 patent, which confirmed the
14 patentability of Claims 3, 6, 7, 16, 19, and 20 of the '160 Patent.  A true and
15 correct copy of this Reexamination Certificate is attached hereto as Exhibit D.

16  16.   Guardian is the owner of the '160 patent with all substantive rights in
17 and to that patent, including the sole and exclusive right to prosecute this action
18 and enforce the '160 patent against infringers, and to collect damages for all
19 relevant times.  The '160 patent is expired.

20  17.   As it pertains to this lawsuit, the '160 patent generally relates to
21 parental control features contained in DVD players and televisions offered for sale
22 by Defendant that allow owners of such devices to restrict viewing of certain
23 movies and other video content based on the particular program's rating.  See 47
24 C.F.R. 15.120.

25  18.   Upon information and belief, prior to the expiration of the '160 patent,
26 Defendant directly or through intermediaries made, had made, installed, used,
27 imported, provided, supplied, distributed, sold, and/or offered for sale televisions,
28 ///

DVD players, and/or other products that infringed or, when used, infringed one or more claims of the '160 patent.

19. The aforementioned accused products were made by or for one or more of the following companies, or were sold under one or more of the following brands, as applicable: Accurian; Akai; Apex Digital; Averatec; Axess; Axion; Curtis; Cyberhome; Dual; Durabrand; Dynex; Envision; GPX/Digital Products International; Hannspree; Insignia; Konka Group Co., Ltd.; Loewe; Mintek; Naxa; Sceptre; Soyo; Sungale; Supersonic; Sylvania; The Rotel Co., Ltd.; Trutech; Venturer; Zenith; Ziamen Overseas Chinese Electronic Company ("Xoceco"); or by any other manufacturer of, or under any other brand associated with, the models identified in Guardian's infringement contentions.

20. Guardian has been damaged as a result of the infringing conduct by Defendant alleged above and, thus, Defendant is liable to Guardian in an amount that adequately compensates it for its infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

21. Guardian and/or its predecessors-in-interest have satisfied all obligations set forth in 35 U.S.C. § 287 required to collect damages for the full period allowed by law according to 35 U.S.C. § 286.

## TOLLING AGREEMENT

22. On July 14, 2009, Defendant and Guardian entered into a Tolling Agreement that postponed the resolution of Guardian's claims against Defendant.

23. The Tolling Agreement provides that the relevant period for damages in a subsequent suit would be calculated based on the original suit's filing date (i.e., December 22, 2008).

## JURY DEMAND

Guardian hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure of any issues so triable by right.

## **PRAYER FOR RELIEF**

Guardian requests that the Court find in its favor and against Defendant, and that the Court grant Guardian the following relief:

a. Judgment that one or more claims of United States Patent No. 4,930,158 and/or 4,930,160 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Guardian all damages to and costs incurred by Guardian because of Defendant's infringing activities and other conduct complained of herein;

c. That Guardian be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d. That this Court declare this an exceptional case and award Guardian its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

e. That Guardian be granted such other and further relief as the Court may deem just and proper under the circumstances.

ANTONELLI, HARRINGTON & THOMPSON LLP

DATED: March 6, 2015        By:  s/ Larry D. Thompson, Jr.
                                 Larry D. Thompson, Jr.
                                 Attorneys for Plaintiff
                                 GUARDIAN MEDIA
                                 TECHNOLOGIES, LTD

16144316v1